Ex PARTE HERMAN FICHTEL, HERMAN H. NEITER ET AL., PETITIONERS, v. ED. HOUSER ET AL., RESPONDENTS.—84 S. W. (2d) 977.

Springfield Court of Appeals. June 27, 1935.

Rehearing denied, July 26, 1935.

*Oliver F. Erbs* and *Carter & Jones* for petitioners.

*Harry Clymer* and *William P. Elmer* for respondents.

848

SMITH, J.—Herman H. Neiter and Anna Neiter filed their petition with the clerk of this court praying that a writ of *habeas corpus* be issued to the end that Herman Fichtel, sometimes known as Carl Edward Houser, may be discharged from unlawful detention by Ed Houser and Harriette Houser. Under said petition a writ was issued on April 16, 1935, returnable on April 26, 1935. On the return date the respondents filed their verified return, which, omitting caption, signature and jurat, is as follows:

"Now come Ed Houser and Harriette Houser and for their return to the writ of *habeas corpus* issued by this court in this cause aver that they have the care, custody and control of the minor child known as Carl Edward Houser and have had such care, custody and control of said minor child since the — day of January, 1934; that said minor child was first placed in their care and custody and under their control on the — day of January, 1934, by one Anna Fichtel, who was the mother of said minor child and the only legally recognized parent of said minor child, said Anna Fichtel being then and there a single woman who had never been married, and who voluntarily on said — day of January, 1934, placed said minor child in the home of respondents in Crawford County, Missouri, and who then and there requested said respondents to care for and keep said minor child and to adopt said minor child in a legal and valid manner, as provided by law, in order that said minor child might have a

proper and suitable home and be properly reared and provided for; that said minor child is now in the care, custody and control of these respondents under and by virtue of an order, judgment and decree of adoption rendered by the Juvenile Division of the Circuit Court of Crawford County, Missouri, at the February term, 1934, upon the application and petition of these respondents and the written verified consent of the said Anna Fichtel, the mother and the sole and only legally recognized parent of said minor child; that said petition and application for such adoption was filed by these respondents in the Circuit Court of Crawford County, Missouri, on the 19th day of February, 1934, and that the verified written consent of the said Anna Fichtel, the mother of said minor child as aforesaid, was attached to said petition and application and filed therewith; that upon the filing of said petition and application and verified written consent as aforesaid, the Circuit Court of Crawford County, Missouri, by its order duly entered of record appointed one Wm. R. Lay, a duly licensed and practicing attorney of Crawford County, Missouri, as guardian *ad litem* for said minor child and to represent said minor child; that on the 24th day of February, 1934, the Juvenile Division of the Circuit Court of Crawford County, Missouri, heard the petition and application of these respondents, at which hearing the said Wm. R. Lay as guardian *ad litem* for said minor child appeared and participated, and entered its judgment and decree sustaining such petition and application in accordance with the statutes in such cases made and provided, all of which facts will fully appear by the certified copy of the petition and application and verified written consent aforesaid, filed herewith and marked Exhibit 'A,' and a certified copy of the record entries appointing the guardian *ad litem* and adjudging and decreeing the adoption of said minor child by these respondents, marked Exhibit 'B' and made a part of this return.

''Respondents aver that at the time the petition and application for adoption of said minor child was filed in the Circuit Court of Crawford County, Missouri, as aforesaid, and at the time said matter was heard in the juvenile division of said circuit court, these respondents were legal residents of Crawford County, Missouri, and that said minor child resided with them and had been so residing with them since the — day of January, 1934, at the request and direction of and with the consent of the mother of said child who was then the only legally recognized parent of said child, and that the Circuit Court of Crawford County, Missouri, had full and complete jurisdiction of the cause of action, as well as full and complete jurisdiction over all the parties, including said minor child, and

was authorized under the law to hear said petition and application and determine the same.

"And the said Ed Houser and Harriette Houser, in obedience to said writ of *habeas corpus*, now produce the body of the said Carl Edward Houser before this court to be dealt with according to law."

The Exhibit A referred to in the above return is a certified copy of the petition and application, and a copy of the written verified consent to the adoption filed in the Juvenile Division of the Circuit Court of Crawford County, Missouri. A copy of the verified petition, caption and signatures omitted is as follows:

"Now on this day come Ed Houser and Harriette Houser and represent to the court that they are husband and wife and now reside in Crawford County, Missouri, and have resided in said county and State for more than twenty years last past; that Carl Edward Fichtel is a male child now just past two months of age, having been born in the City of Saint Louis, Missouri, on the 6th day of December, 1933, and is the child of one Anna Fichtel who was at the time of the birth of said child, and now is single and unmarried and has never been married; that said child, to-wit, Carl Edward Fichtel, now is, and has been in the care, custody and control of these petitioners in Crawford County, Missouri, since the — day of January, 1934, by and with the consent of the said Anna Fichtel, the mother of said child, and that these petitioners now have the sole care, custody and control of said child by and with the consent of his said mother and are now providing for and supporting said child; that petitioners have no children of their own and are well able financially to care for, maintain and educate said child and are willing, anxious and desirous of doing so in order that said child may bear their name and may be properly reared and educated and become the legal heir of said petitioners.

"Your petitioners further represent that they file herewith the verified written consent of the said Anna Fichtel, the mother of said child, in which said Anna Fichtel consents to the adoption of said child by these petitioners.

"Your petitioners, therefore, pray that they may be permitted to adopt the said Carl Edward Fichtel as their own lawful child and heir and that his name be changed to Carl Edward Houser, and for such other and further order, judgment and decree as to the court may seem just and proper."

A copy of the written verified consent of Anna Fichtel, caption and signature omitted, is as follows:

"Now on this day comes Anna Fichtel and represents to the court that she resides in the City of Saint Louis, Missouri; that she is now twenty-six years of age and is the mother of Carl Edward Fichtel;

that said Carl Edward Fichtel is now just past two months of age, having been born in the City of Saint Louis, Missouri, on the 6th day of December, 1933; that she is now single and unmarried and has never been married, and that she is the only legally recognized parent of said Carl Edward Fichtel; that said infant child is now in the care, custody and control of Ed Houser and Harriette Houser, husband and wife, in Crawford County, Missouri, by and with her consent; that she knows the said Ed Houser and Harriette Houser and willingly placed said child in their care, custody and control in order that said child might be properly cared for and educated and to that end,·and for that purpose the said Anna Fichtel now gives her formal consent in writing that the said Carl Edward Fichtel may be legally adopted, in accordance with the law, by the said Ed Houser and Harriette Houser and become their legal and lawful child and heir as prayed for in their petition.''

Exhibit B referred to above is a certified copy of a court order appointing Wm. R. Lay as guardian *ad litem* for the minor child. This appointment was made on February 19, 1934. Also included within Exhibit B is a copy of the judgment of the Circuit Court of Crawford County, Juvenile Division, dated February 24, 1934, which with caption omitted, is as follows:

''Now on this day this cause coming on to be heard, come the petitioners, Ed Houser and Harriette Houser, husband and wife, in person and by counsel and also comes Wm. R. Lay, a duly licensed and practicing attorney of Crawford County, Missouri, who has heretofore, by this court been appointed guardian *ad litem* of Carl Edward Fichtel, a minor, and the petitioners and the said Wm. R. Lay, guardian *ad litem* as aforesaid, announcing ready for trial and the issues being submitted to the court, the court, after hearing the evidence, finds that the petition filed in this cause is duly verified and that it is in due and proper form and alleges that the petitioners are husband and wife and now reside in Crawford County, Missouri, and have resided in said county and State for more than twenty years last past; that Carl Edward Fichtel is a male child now just past two months of age, having been born in the City of Saint Louis, Missouri, on the 6th day of December, 1933, and is the child of one Anna Fichtel who was at the time of the birth of said child, and now is single and unmarried and has never been married; that said child, to-wit, Carl Edward Fichtel, now is, and has been in the care, custody and control of these petitioners in Crawford County, Missouri, since the — day of January, 1934, by and with the consent of the said Anna Fichtel the mother of said child, and that these petitioners now have the sole care, custody and control of said child by and with the consent of his said mother and are now providing

for and supporting said child; that petitioners have no children of their own and are well able financially to care for, maintain and educate said child and are willing, anxious and desirous of doing so in order that said child may bear their name and may be properly reared and educated and become the legal heir of said petitioners, and that said petition is accompanied by the verified written consent of Anna Fichtel, the mother of said minor child Carl Edward Fichtel; the court further finds that said Carl Edward Fichtel is a minor child now two months of age, having been born in the City of Saint Louis, Missouri, on the 6th day of December, 1933, and is the child of said Anna Fichtel; that said Anna Fichtel is and was at the time of the birth of said Carl Edward Fichtel single and unmarried and has never been married, and is the only legally recognized parent of said Carl Edward Fichtel; that said Anna Fichtel has filed her written verified consent in this cause consenting to the adoption of said Carl Edward Fichtel by the petitioners herein.

"The court further finds that the petitioners herein now have the care, custody and control of the said infant Carl Edward Fichtel and are residents of Crawford County, Missouri, and are persons of good character and sufficient ability to properly care for, maintain and educate said minor child and that the welfare and best interests of said minor child will be promoted by sustaining the petition and granting permission for the adoption of said minor child by the said petitioners and that it is fitting and proper that said petitioners be permitted to adopt said minor child, and the said guardian *ad litem* also having heard the evidence and filed his report recommending that such adoption be permitted.

"It is, therefore, ordered, adjudged and decreed by the court that said petition for the adoption of the said Carl Edward Fichtel, a minor child now two months of age, by the said Ed Houser and Harriette Houser, the petitioners herein, be, and the same is hereby sustained and that from this day the said minor child Carl Edward Fichtel shall to all legal intents and purposes be the child of the petitioners, Ed Houser and Harriette Houser, and entitled to all the rights thereby given by law, as fully as though said child had been born to them in lawful wedlock, and that the name of said minor child be, and the same is hereby changed from Carl Edward Fichtel to Carl Edward Houser, in accordance with the prayer of the petition and as in such cases made and provided by law."

On May 6, 1935, the petitioners filed their verified reply to the return of Ed Houser and Harriette Houser, which reply, omitting caption and signatures, is as follows:

"Petitioners state that prior to, at and continuously since the birth

of HERMAN FICHTEL, sometimes known as CARL EDWARD HOUSER, petitioners and each of them were citizens and residents of the City of St. Louis, Missouri; that there was no change of custody proceeding pursuant to section 14081, Revised Statutes 1929, nor any change of custody decree, and that whatever possession, custody and control Edward Houser and Harriette Houser had over or to said child was by reason thereof only as in the name of and for Anna Neiter; that the alleged purported consent of Anna Neiter to the adoption prayed, which was filed along with a petition for adoption in the Crawford County Circuit Court, alleges Anna Neiter (then Anna Fichtel) to be a resident of the City of St. Louis, Missouri; that at the time of the birth of the child she was in the City Hospital in St. Louis, Missouri, and thereafter in the Salvation Army Hospital in the City of St. Louis, Missouri, until about the latter part of January, 1934; that to recover her health she and said child went to the home of the Housers in Crawford county; that said alleged but invalid adoption took place February 24, 1934; that she returned to St. Louis within about two weeks thereafter and was married to Herman H. Neiter August 28, 1934, in the City of St. Louis, Missouri, he being the natural father of said child; that at no time was the said Anna Fichtel, whose married name is Anna Neiter ever a resident of Crawford county, but, as aforesaid, her residence was always the City of St. Louis, and by reason thereof the said minor was never a resident of said Crawford County, Missouri, and was always a resident of the City of St. Louis, Missouri; that the circuit court had jurisdiction to decree adoption only by virtue of the provisions of section 14073 of the Revised Statutes of Missouri, 1929, which fixes the court for adoption as the circuit court of the county in which the person sought to be adopted resides; that the circuit court of Crawford county never had jurisdiction therefore, to decree any adoption and said child has not been adopted, and that petitioners have the right, notwithstanding said decree, to the care, custody, possession, control and education of said child, for which they pray.

"WHEREFORE, having fully replied, petitioners pray that said Herman Fichtel, sometimes known as Carl Edward Houser may be discharged from said unlawful detention and deprivation of his liberty and given into the care and custody of each of them."

We have set out copies of these proceedings in full because they fully cover the facts in the case and present fully the contentions of the parties to this litigation. It may be seen that the respondents, by their return, contend that they are entitled to retain the custody of this child because of a valid and binding decree of the juvenile division of the circuit court of Crawford county.

The petitioners contend that Anna Fichtel, the mother of the child,

was a resident of the City of St. Louis, and that the child was a resident of the City of St. Louis, and that neither of them was ever a resident of Crawford county, and that the circuit court of Crawford county never had jurisdiction to decree any adoption and that said child has not been adopted, and that the petitioners have the right, notwithstanding said decree, to the care, custody, possession, and control of said child.

It has been definitely held by our courts that the return in a *habeas corpus* proceedings is the first pleadings. The issues are made up by the return to the writ and the answer to the return. [Thompson v. Sanders (Mo. Sup.), 70 S. W. (2d) 1. c. 1052; Ex Parte Bass (Mo. Sup.), 40 S. W. (2d) 457.]

The pleadings in this case show that the respondents are claiming the custody of the the child by reason of the decree of the circuit court of Crawford county. The petitioners do not deny that there was a hearing had in the circuit court. The petitioners realize that they must avoid the effect of that circuit court judgment, if in fact it was a judgment, and they contend that it was not a valid judgment.

The burden is on the petitioners to show that there was no valid judgment. [Thompson v. Sanders, 70 S. W. 1. c. 1053.]

The petitioners contend that the return in this case with a copy of the circuit court decree attached and a copy of the mother's consent attached shows that the circuit court of Crawford county was without jurisdiction because these show upon their face that the residence of the mother was the City of St. Louis, and therefore the residence of the child was the City of St. Louis, and that these show conclusively that the circuit court had no jurisdiction because of statutory provision that adoption proceedings must be had where the child resides.

We must not overlook the fact in this case that at the time of the proceedings in the circuit court of Crawford county the mother, who was not then married, had the care, control and custody of this child, and at that time the other petitioner, in this proceedings, Herman H. Neiter, had no rights therein and was not a necessary party to the adoption proceeding. We must also remember that the mother was the necessary party in that proceeding. We say that in the light of our statutory provisions with reference to a written consent or service on the parties. Section 14074, Revised Statutes 1929, Mo. Statutes Ann. 1929, page 824, as to service if written consent is not filed.

The mother filed her written consent in this case, or at least signed it and it was filed. This written consent shows that she was twenty-six years old at the time it was executed, therefore she was not an infant of tender age. This written consent states "that said infant child is now in the care, custody and control of Ed Houser and Har-

riette Houser, husband and wife, in Crawford County, Missouri, by and with her consent.''

The petition filed in the circuit court also alleged that the child "now is, and has been in the care, custody and control of these petitioners in Crawford County, Missouri, since the — day of January, 1934, by and with the consent of said Anna Fichtel, the mother of said child." The court's decree recited these same facts, with reference to who had the custody of the child at that time and with reference to the mother's consent to the custody and the adoption. In other words, the record before us shows that all the necessary parties were in court, in person, or by the written consent of the only person who at that time could give consent.

The petitioners contend in their written argument that there was no service of process upon the child. In view of the provision of section 14074 of our statutes with reference to written consent of the parent, we think there is no merit to the contention that service was not had upon the miner. Our Supreme Court has definitely held that since the consent of a child under twelve years of age is unnecessary under section 14074 of our 1929 statutes, that he need not be served with summons or notified by publication. [Rochford v. Bailey et ux., 17 S. W. (2d) 941.] At page 944 of that opinion the Supreme Court said:

"The statute (sections 1095-1103, Revised Statutes 1919), comprehends within itself a complete scheme for the adoption of children; it is a code within itself. Provisions of two sections of the general code (sections 1196-1203, Revised Statutes 1919), are incorporated therein by specific reference; aside from these the general code is without application. The validity of the proceeding which culminated in the purported decree of adoption involved in this case must therefore be gauged by the adoption statute standing alone.

"Two sections of the statute dispose of the questions under consideration: Sections 1096 and 1098. According to section 1096 the consent of the child to be adopted is required only when such child is of the age of twelve years or over. The child in the instant case was under twelve years of age; his consent to the proposed adoption was therefore unnecessary. By section 1098 only persons whose consent is required must be served with summons or notified by publication. It follows that service of summons on the child in the adoption proceeding in question would have been an idle ceremony, so far as the statute is concerned."

Certainly under our statutes the consent of the child, if under twelve years of age is unnecessary; and under the ruling of our courts, service of summons upon the child of such age is unnecessary. The statute does specifically provide for service upon the parent, or the

filing of a written consent. Here the written consent was filed. It is true the written consent says that she was a resident of the City of St. Louis. We think it cannot be successfully contended that the mother could not enter her appearance in Crawford county so as to bind her and so as to affect her rights. She by her consent said that she was in Crawford county and had been there some time before signing and acknowledging her consent to the adoption. She stated in her written consent that the child had for some time been "in the care, custody and control of Ed Houser and Harriette Houser, husband and wife, in Crawford County, Missouri, by and with her consent; that she knows the said Ed Houser and Harriette Houser and willingly placed said child in their care, custody and control in order that said child might be properly cared for and educated."

The petition on file in the circuit court alleged that the child, "now is, and has been in the care, custody and control of these petitioners in Crawford County, Missouri, since the — day of January, 1934, by and with the consent of the said Anna Fichtel, the mother of said child, and that these petitioners now have the sole care, custody and control of said child by and with the consent of his said mother and are now providing for and supporting said child." A reference to the decree of the circuit court, hereinbefore quoted, will show that the court found that the petitioners already had the care, control and custody of said child within that county by and with the consent of the mother, and had had that custody for some time prior to the filing of the consent to the adoption.

The record before us shows that the only person who could give a written consent of adoption was the mother; that she was within the jurisdiction of the circuit court of Crawford county and had been for some time; that she signed her written consent for the adoption of the child; that the child was within the jurisdiction of that court, and that that court following the statutes appointed a guardian *ad litem* for the child who appeared in court and participated in the hearing when the decree of adoption was obtained.

This court In re McFarland, 12 S. W. (2d) 523, 525, said "It is true that the adoption statutes, being in derogation of the common law, should be strictly construed, as appellants contend. But, as was well said by Judge ARNOLD of the Kansas City Court of Appeals, 'Such statute should not be so narrowly construed as to defeat the manifest intent of the law.' [Thompson et al. v. Arnold et al., 208 Mo. App. 102, 106, 230 S. W. 322, 1. c. 324.]

We think it would be too narrowly construing the statutes in this case to now hold that the circuit court of Crawford county had no jurisdiction because of the statement of the mother that she was a resident of the City of St. Louis when she signed her written state-

ment that the care, control and custody of the child was and had been for some time with Mr. and Mrs. Houser, and that she consented to the adoption.

We think this record shows a substantial compliance with the statutes in this case; that the circuit court had jurisdiction of all the interested parties at the time of the proceedings in that court, and that a binding decree of adoption was entered.

The respondents have filed a motion in this court for an order remanding the child, Carl Edward Houser, to the respondents. The child is and has been throughout this proceeding in the custody of the respondents, and it is our conclusion that respondent's motion to remand should be sustained. It is so ordered. *Allen, P. J.,* and *Bailey, J.,* concur.