Ex Parte J. M. REARDON, Petitioner, v. WESLEY FRACE, Acting Marshal of the Kansas City Court of Appeals.—126 S. W. (2d) 1167.

Court en Banc, April 4, 1939.

*Victor Packman* for petitioner; *Harold Kaminsky* of counsel.

*Franklin E. Reagan,* Assistant Attorney General, and *Paul M. Peterson* for respondent.

GANTT, J.—This came to me on reassignment. Action in *habeas corpus*. Petitioner is restrained of his liberty by the acting marshal of the Kansas City Court of Appeals under a judgment of said court. The court found that he had unlawfully engaged in the practice of law, and for that reason was guilty of contempt of court. [Clark v. Reardon, 104 S. W. (2d) 407.]

Petitioner contends that the warrant of commitment issued by said court is void, in that no facts are stated therein authorizing the restraint of petitioner. The commitment follows:

"Now at this day comes the said respondent, in person and by attorneys, in accordance with the mandate and judgment of this Court, entered of record on April 5, 1937, adjudging him in contempt of this Court for the illegal practice of the profession of attorney at law, and submits himself to the judgment of this Court. Thereupon it is considered and adjudged by the Court that the said respondent be ordered and adjudged to pay to the Clerk of this Court a fine of One Hundred Dollars and costs amounting to Six Hundred Five Dollars and Sixty Cents herein assessed. It is further ordered and adjudged by the Court that the said respondent be committed to the custody of the Sheriff of Boone County, Missouri, by the Marshal of this Court, to be held by the said Sheriff and confined to the Boone County jail until the said respondent purges himself of said contempt by the payment of said fine and costs. Thereupon, on the oral request of respondent, and by consent of informants, it is ordered by the Court

that the said respondent be given a stay of execution of said sentence of thirty days from this date upon his oath and acknowledgment here made in open Court of his indebtedness to the State of Missouri in the penal sum of Five Hundred Dollars, conditioned to be paid by him in the event of his failure to pay said fine and costs or surrender himself to the Marshal of this Court upon the expiration of said thirty days.''

It will be noted that the particular circumstances of the offense are not set forth in the commitment. The statute provides that ''whenever any person shall be committed for any contempt specified in this chapter (IX), the particular circumstances of his offense shall be set forth in the order or warrant of commitment.'' [Sec. 1867, R. S. 1929.] The unlawful practice of law is not mentioned in said chapter, and for that reason said section is without application in the instant case. Therefore, the question must be ruled under the common law, which follows:

''We doe not, neither will we in any wife impunge the ecclefiafticall authority in any thing that appertaineth unto it; but if any by the ecclefiafticall authority commit any man to prifon, upon complaint unto us that he is imprifoned without juft caufe, we are to fend to have the body, and to be certified of the caufe; and if they will not certifie unto us the particular caufe, but generally without expreffing any particular caufe, whereby it may appeare unto us to be a matter of the ecclefiafticall cognizance, and his imprifonment be juft, then we doe and ought to deliver him: and this is their fault, and not ours. And although fome of us have dealt with them to make fome fuch particular certificate to us, whereby wee may bee able to judge upon it, as by law they ought to doe, yet they will by no meanes doe it; and therefore their errour is the caufe of this, and no fault in us: for if we fee not a juft caufe of the parties imprifonment by them, then we ought, and are bound by oath to deliver him.'' [2 Coke's Second Institute, p. 615.]

''A commitment is a warrant, order, or process by which a court or magistrate directs a ministerial officer to take a person to prison, or to detain him there. From the earliest times, as appears from the reported cases on the subject, this process was required to contain a statement of the nature of the crime with which the prisoner was charged. The legal requisites of such a process are thus described by an acknowledged authority on the subject of crimes and criminal procedure as defined by the common law: 'It must be in writing, under the hand and seal of the person by whom it is made, and expressing his office or authority, and the time and place at which it is made, and must be directed to the jailer or the keeper of the prison. It may be made either in the name of the king, and only tested by the person who makes it, or it may be made by such person in his own name. It may command the jailer to keep the party in safe and close custody;

for, if every jailer be bound by the law to keep his prisoner in such custody, surely it can be no fault in a *mittimus* to command him so to do. It ought to set forth the crime alleged against the person with convenient certainty, whether the commitment be by the privy council or any other authority; otherwise the officer is not punishable by reason of such *mittimus* for suffering the party to escape, and the court before whom he is removed by *habeas corpus* ought to discharge or bail him. And this doth not only hold where no cause at all is expressed in the commitment, but also where it is so loosely set forth that the court cannot adjudge whether it were a reasonable ground of imprisonment. [2 Hawk. P. C., p. 119, c. 16.]' " [People ex rel. Allen et al. v. Hagan, 170 N. Y. 46, 61 N. E. 1086, 1. c. 1087.]

"The commitment must therefore not only state the offense charged, but such facts as are essential to constitute the offense against the prisoner. Such was the rule of the common law, according to the most approved authorities, and such is the requirement of the statute in this State." [Ex parte Branigan, 19 Cal. 133, 1. c. 136.]

"A commitment, in the absence of any statutory provisions prescribing its form and contents, does not sufficiently state the offense by simply designating it by the species or class of crimes of which the committing magistrate may consider it to belong; but that it ought to state the facts charged or found to constitute the offense, with sufficient particularity to enable the court, on a return to a *habeas corpus,* to determine what particular crime is charged against the prisoner." [Hurd on *Habeas Corpus,* pp. 376, 377.]

Thus is appears that the provision in Section 1867, which requires a statement of the particular circumstances in the warrant of commitment, is declaratory of the common law. In other words, the warrant of commitment in the instant case is void under the common law and Section 1867. [In re Shull, 221 Mo. 623, 121 S. W. 10; Ex parte Creasy, 243 Mo. 679, 148 S. W. 914.] The petitioner should be discharged. It is so ordered. All concur.