ROSCOE ROBERTSON, a Minor, by Georgia E. Robertson, next friend, Respondent, v. LEWIS CORNETT, BIDA ROBERTSON, LILLY ROBERTSON HANSON, S. C. ROBERTSON, JOHN CLINTON HAMMONS, FRED A. MOON as Executor, and WALTER GAULT ROBERTSON, Appellants, No. 41217—225 S. W. (2d) 780.

Division One, December 12, 1949.

Motion for Rehearing or to Transfer to Banc Overruled, January 9, 1950.

*Miller & Fairman, John H. Fairman, J. Weston Miller* and *Wm. P. Sanford* for appellants.

*M. H. Galt, Chas. W. Dickey, Lon S. Haymes* and *Haymes & Dickey* for respondent.

1160

 BRADLEY, C.—This cause is in the nature of a declaratory proceeding to establish that Roscoe Robertson, plaintiff, is the pretermitted heir of Edgar M. Robertson, deceased. Harry L. Robertson was the son and only descendant of Edgar M. Robertson; Harry L. and his wife had no children and they adopted plaintiff; at least they thought so; Harry L. died June 13, 1943; his father, Edgar M., executed his will March 22, 1945, and died June 25, 1945. Plaintiff was not mentioned in the will. The trial court found that plaintiff is the pretermitted heir of Edgar M. Robertson, and defendants appealed.

Appellants (defendants) make three contentions: (1) That the adoption is void; (2) that even though the adoption is valid, still respondent (plaintiff), an adopted son of Harry L. Robertson, cannot be the pretermitted heir of his adoptive grandfather, Edgar M. Robertson, and thus occupy the same status as would a natural son of Harry L. occupy; and (3) appellants say that to hold that respondent is the pretermitted heir of Edgar M. Robertson would be, in effect, ''taking away from Edgar M. Robertson his personal and unlimited right to make his own will and devise his own property'', and ''would violate the due process clause'' of both the state and federal Constitutions.

Is the adoption void? As we understand appellants on this question they make two contentions, *first*, that since the adoption decree was less than two years from the date of abandonment (see infra), proper service of process on his natural parents was essential to a valid decree of adoption, and they say that the service by publication (see infra) on respondent's natural parents was not sufficient to give the court jurisdiction to adjudge their rights to the custody of respondent, and *second*, appellants contend that if the first contention is untenable then they argue that at the time of the filing of the petition for adoption respondent was a ward of the juvenile court and that a valid decree of adoption could not be made until the lapse of two years from the date of the abandonment. Respondent was a minor when the cause was filed and his adoptive mother acted as next friend.

Appellant Fred A. Moon was named executor in the will of Edgar M. Robertson; other appellants are collateral kin of Edgar M. Robertson and will inherit the real and personal property of his estate if plaintiff is not his pretermitted heir. If respondent is such heir then he is the sole heir and will inherit the entire estate of Edgar M. Robertson.

Respondent was born out of wedlock and was abandoned by his natural parents. On October 10, 1926, Mrs. Jessie Cartwright was, for a few hours, away from her home in Springfield, Missouri; when she returned she found a baby about two weeks old on a bed in her home; that baby is respondent. The police and a doctor were called; the baby was later taken to the Children's Home in Springfield, and it was ascertained that the baby's mother was Marie Welch and that the father was Sam Wall; the Children's Home record shows that the name of the baby was Henry Eugene Welch. The mother had made some effort to place the baby in the Children's Home but had not succeeded. We infer that the mother placed the baby on the bed in Mrs. Cartwright's home and after such disposition left town. Respondent was not turned over to the Children's Home until October 26, 1926, some two weeks after he was found on the bed. He remained in the Children's Home until January 7, 1927, on which date he was adjudged by the juvenile court of Greene County to be a neglected child within the meaning of the law, and his care and custody was awarded, until the further order of the court, to Mr. and Mrs. Harry L. Robertson who, on July 8, 1927, filed petition in the juvenile court of Greene County to adopt respondent. The petition gave the names of the natural parents and alleged that both were residents of the State of Oklahoma; that they had abandoned the baby, etc. Process was served on the baby although that was not necessary. Ex parte Fichtel v. Houser et al., 229 Mo. App. 847, 84 S. W. (2d) 977. A guardian ad litem was appointed for the baby, respondent here; publication was had as to the natural parents. September 17, 1927, a decree of adoption was rendered. The decree, among other things, recites:

"Now on this day this cause coming on for hearing, the petitioners and guardian ad litem appearing in person submit this cause to the court for hearing. And the court finds from the petition and the answer of the guardian ad litem and from the evidence offered that the parents of said child having (have) been notified by publication; that said child is a male child one year old; that the petitioners are in all respects fit and proper persons to become the parents of said child to care for, maintain, and educate (him) and that the welfare of said child will be promoted by sustaining said petition. It is therefore considered, adjudged and ordered by the court that the said child become to all intents and purposes the child of said petitioners, and that the name of said child be changed to that of Roscoe Audrey Robertson."

The adoption was in 1927, and the validity thereof will be determined by the law as it then existed, but the adoption law, so far as pertinent here and as it appears in the Revised Statutes of 1939 is the same as it was in 1927. All references to statutory sections refer to sections of the 1939 Revised Statutes, unless otherwise noted, and

1164

to the same sections in Mo. R. S. A. Secs. 9608 and 9609, pertinent here, follow:

Sec. 9608. "Any reputable person desiring to adopt another person as his child, may petition the juvenile division of the circuit court of the county in which the person sought to be adopted resides, or if such person has no place of abode in this state, of the county in which the person seeking to adopt resides, for permission to adopt such person as his child. If the petitioner has a husband or wife living, and competent to join the petition, such husband or wife may join the petition, and if he or she joins, the adoption shall be by them jointly."

Sec. 9609. "The court shall not decree the adoption, except as hereinafter provided, unless in cases where the child or person to be adopted is of the age of 12 years or over and consents in writing to the adoption; and in cases where the child or person to be adopted is under the age of 21 years, the parents or surviving parent and guardian of the child, if any, consent in writing, to the adoption; and the approval of the court shall be requisite in all cases, such approval being given or withheld as the welfare of the child or person sought to be adopted may, in the opinion of the court, demand. The consent of a parent of the child shall not be required if such person is insane, or is imprisoned under a sentence which will not expire until two years after the date of the filing of the petition; or if he or she has wilfully abandoned the child or neglected to provide proper care and maintenance for two years last preceding such date."

There is no claim that Mr. and Mrs. Harry L. Robertson did not meet the requirements of Sec. 9608, but it is contended that under Sec. 9609, and on the facts here, the juvenile court did not have jurisdiction to entertain a petition for adoption that was filed prior to the expiration of two years from October 10, 1926, the date of abandonment. The juvenile court proceedings adjudging that respondent was a neglected child and awarding custody of respondent to Mr. and Mrs. Harry L. Robertson, until further order, was under what is now Art. 9, Chapter 56, R. S. 1939, and particularly Sec. 9677, which deals with a child when found to be neglected, and there is no claim that respondent was not properly adjudged to be a neglected child.

Sec. 9609 provides that for adoption of a child under 12 the written consent of its parents is required except where abandonment has run for at least two years next before the filing of the petition for adoption. See also Application of Graham, 239 Mo. App. 1036, 199 S. W. (2d) 68; In re McAvoy's Adoption, 237 Mo. App. 1099, 173 S. W. (2d) 108; Child Saving Institute v. Knobel, 327 Mo. 609, 37 S. W. (2d) 920, 76 ALR 1068. The abandonment was less than two years; written consent of respondent's parents was not obtained, and appellants contend that the service by publication on respondent's parents was insufficient. Hence they argue that the court did not have jurisdiction to decree adoption. Sec. 9611 provides: "If the

written consent herein required is not filed in court, the court shall order notice, by personal service on the parties of the writ of summons and a copy of the petition, or if any such party cannot be found within this state, by a publication according to sections 891 and 899, R. S. 1939. If, after such notice, a person whose consent is required does not appear, the court may act upon the petition without his consent and the judgment of the court shall be binding upon all persons so served: Provided, any such person shall have the right to appeal from such judgment, in the manner and form provided for appeals in the code of civil procedure."⸱

Appellants say that the court made no finding in the order for publication that "the parties (respondent's natural parents) could not be found within the state as required by Sec. 9611, and that the service by publication was not sufficient and did not give the court jurisdiction to adjudge adoption. Rochford v. Bailey et ux., 322 Mo. 1155, 17 S. W. (2d) 941, is cited. In that case the petition alleged that the child's parents had absconded and absented themselves from their usual place of abode in this state. The petition was not verified and there was no evidence or finding that the parents could not be found in this state. But the petition in the present case was verified and alleged that the parents "Sam Wall and Marie Welch are non-residents of the State of Missouri and the ordinary process by summons cannot be served on them in this state"; that the "parents reside in the State of Oklahoma, but the exact place of their residence is unknown to petitioners".

The order of publication recites that "at this day come the plaintiffs (petitioners) by their attorney G. G. Lydy and file their petition and affidavit, alleging among other things, that defendants Sam Wall and Marie Welch are nonresidents of the State of Missouri and the ordinary process by summons cannot be served on them in this state.⸱ Whereupon it is ordered by the court that said defendants (Henry Eugene Welch, Sam Wall, and Marie Welch) be notified by publication that plaintiffs (Mr. and Mrs. Harry L. Robertson) have commenced a suit against them in this court, the object and general nature whereof is to obtain a decree of said court authorizing the petitioners to adopt said Henry Eugene Welch, aged one year, whose parents are said Sam Wall and Marie Welch, and praying the court to render a decree to the effect that to all legal intents and purposes the said Henry Eugene Welch be, and become the child of said petitioners and that the name of said child be changed to Roscoe Audrey Robertson, and that unless the said defendants, Sam Wall and Marie Welch, be and appear at this court at the next term thereof, to be begun and holden at the court house in the City of Springfield, in said county, on the second Monday of September, 1927, next, and on or before the third day of said term, if the term shall so long continue —and if not, then on or before the last day of said term to plead,

answer or demur to the petition in said cause, the same will be taken as confessed and judgment will be rendered accordingly.'' No complaint is made that the order of publication was not properly published.

There was no specific finding that respondent's natural parents could not be found within this state, but it is alleged in the verified petition for adoption, as appears, that they were residents of Oklahoma, and it is recited in the order of publication that it was alleged they were nonresidents of the State of Missouri, and that the ordinary process of summons could not be served on them in this state. The court ▆▆▆ made the order for publication, therefore, it will be presumed, absent a showing to the contrary, that the court found these parents could not be found within this state. Right action by the court will be presumed absent a showing to the contrary. State ex rel. Ball v. State Board of Health, 325 Mo. 41, 26 S. W. (2d) 773, l. c. 777, and cases there cited.

The order for service by publication was sufficient, and the court had jurisdiction to decree adoption so far as concerns service upon respondent's natural parents.

▆ Was the decree of adoption void because the petition therefor was filed less than two years from the date respondent was abandoned by his natural parents? In the brief appellants say: ''Respondent's proof failed to establish a legal adoption because the records show respondent was an abandoned or neglected child when 14 days of age; that thereafter he was placed in the custody of the Children's Home and on January 7, 1927, was adjudged a neglected child by the juvenile court; that because of this proceeding the parents lost their right to consent to an adoption; that such right of the parents was terminated by the adjudication of the juvenile court, which court alone retained custody and had such custody at the time of filing the petition for adoption at which time the child was less than two years of age; that under the statute the court was prohibited from assuming jurisdiction of this adoption for a period of two years and therefore had no jurisdiction of the cause.'' It would indeed be an anomaly to say that respondent's parents had lost their parental rights and that he was lawfully a ward of the juvenile court, but that the juvenile court was powerless to decree adoption until the lapse of two years from the date of abandonment. The two years provision in Sec. 9609 is to safeguard the rights of the natural parents as is clearly shown in the case of Application of Graham, supra. We do not believe there is any merit to this contention of appellants, and so rule. The adoption statute is strictly construed in favor of the rights of natural parents when the controversy is between natural parents and those seeking to destroy their parental status, In re Perkins, 234 Mo. App. 716, 117 S. W. (2d) 686; Application of Graham, supra, but the welfare of the child is not to be ignored in considering the validity of

adoption proceedings. Under the facts the adoption decree was not void because the petition therefor was filed less than two years from the date of the abandonment.

■ Is respondent the pretermitted heir of Edgar M. Robertson, his adoptive grandfather? Sec. 526 provides: ''If any person make his last will, and die, leaving a child or children, or descendants of such child or children in case of their death, not named or provided for in such will, although born after the making of such will, or the death of the testator, every such testator, so far as shall regard any such child or children, or their descendants, not provided for, shall be deemed to die intestate; and such child or children, or their descendants, shall be entitled to such proportion of the estate of the testator, real and personal, as if he had died intestate.''

Sec. 9614 provides: ''When a child is adopted in accordance with the provisions of this article, all legal relationship, and all rights and duties, between such child and its natural parents, shall cease and determine. Said child *shall* thereafter be deemed and held to be *for every purpose,* the child of its parent or parents by adoption, *as fully as though born to them in lawful wedlock.* Said child shall be entitled to proper support, nurture and care from said parents by adoption, and shall be capable of inheriting *from, and as* the child of said parents as fully *as though born to them in lawful wedlock.* Said parent or parents by adoption shall be entitled to the service, wages, control, custody and company of said adopted child, and shall be capable of inheriting from, and *as* the parents of, said adopted child *as* fully as though the child *had been born* to them in lawful wedlock: Provided, however, that neither said adopted child nor said parents by adoption shall be capable of inheriting from or taking through each other property expressly limited to heirs of the body of such child or parent by adoption'' (italics ours).

''Adoption is a juridical act which creates between two persons a relation ■ of purely civil nature similar to that existing between a natural parent and his child. In other words, it is an act by which one person who is not the natural parent of another creates between himself and that other a complex or aggregate of legal relationships, rights, privileges, powers, immunities, etc., which are *identical* with those which the law creates between a *natural* parent and his child'' (italics ours). Neihaus v. Madden et al., 348 Mo. 770, 155 S. W. (2d) 141, 1. c. 144. The law of inheritance is a creature of the statute, and the statute of adoption places the adopted child in the line of descent from the ancestor of whom for the purpose of inheritance he becomes the child and heir. In re Cupples' Estate, 272 Mo. 465, 1. c. 473, 199 S. W. 556, 1. c. 558; Brock v. Dorman et al., 339 Mo. 611, 98 S. W. (2d) 672, 1. c. 675. So far as the research of counsel and our own extend we find no case in this State holding that one in the same situation as is respondent here would or would not be the pretermitted heir of

his adoptive grandfather. In this State the question seems to be one of first impression. Since the law of inheritance is the creature of the statute, and since the statute (Sec. 9614) provides that an adopted child *shall* be deemed and held for *every* purpose the child of its adoptive parents *as* fully as though *born* in lawful wedlock, we hold that respondent is the pretermitted heir of his adoptive grandfather, Edgar M. Robertson.

Our holding is supported by the case of In re Walter's Estate, 270 N. Y. 201, 200 N. E. 786. In that case it appears that on October 6, 1920, Maude Ayers Ganoung, when three years old, was adopted by James H. Ganoung who had no children of his own blood. She lived with her adoptive father until his death January 12, 1933. Mrs. Alice Ganoung Walter, a sister of James H., and childless, too, knew all about the adoption; approved it and was very friendly with Maude. December 2, 1932, some over a month before her brother James H. died, Mrs. Walter made her will giving all her property, real and personal, to her brother James H. May 1, 1933, about 5 months after making her will, Mrs. Walter died. There was no limitation over of the legacy in the will to James H. in the event he predeceased his sister, the testatrix. The questions were, Did the legacy to James H. lapse upon his death? Or did it pass to Maude, his adopted daughter? It was held that the legacy did not lapse, but passed to Maude.

The Court of Appeals set out in the opinion the pertinent statute of their adoption law. It will not be necessary to set out this statute here. There was no more in the New York statute to impel the conclusion reached in the Walter's Estate case than there is in our adoption statute which impelled our conclusion that respondent is the pretermitted heir of his adoptive grandfather. In the Walter's Estate case, the court quoted from the case of In re Cook's Estate, 187 N. Y. 253, 79 N. E. 991, as follows: "In the eye of the law, therefore, adopted children are lineal descendants of their foster parent. They are in the line of descent from him through the command of the statute, the same as if that line had been established by nature."

Appellants call our attention to Fletcher et al. v. Flanary et al., 185 Va. 409, 38 S. E. (2d) 433, 166 ALR 145. That case concerned the construction of a deed, and it was held that by the language of the deed it was the intention that only natural and not adopted children would take as provided in the deed.

Does our holding that respondent is the pretermitted heir of Edgar M. Robertson run counter to any rights of his (Edgar M.'s) under the due process provisions of either the state or federal Constitutions? As we have seen the right to inherit property is a creature of the statute, and not an absolute or natural right, and there is no constitutional provision, state or federal, prohibiting the legislature from changing the law (Sec. 306) of descent and distribution. State ex rel. McClintock et al. v. Guinotte, 275 Mo. 298, 204 S. W. 806; In

re Rogers' Estate (Mo. Sup.), 250 S. W. 576; Magoun v. Illinois Trust & Savings Bank, 170 U. S. 283, 18 S. Ct. 594, 598, 42 L. Ed. 1037. In the brief [786] able counsel for appellants say that "the right to make one's will is an unlimited right, except as expressly provided by Sec. 526 as to lineal heirs of the testator". But Sec. 9614, supra, on the subject of *consequences* of *adoption,* in our opinion, makes respondent in effect a *lineal heir* of his adoptive grandfather. On the question of due process appellants cite these cases: St. Louis Union Trust Co. v. Kaltenbach, 353 Mo. 1114, 186 S. W. (2d) 578; Crawford v. Arends, 351 Mo. 1100, 176 S. W. (2d) 1; In re Flukes, 157 Mo. 125, 57 S. W. 545, 51 LRA 176, and others. It will not be necessary to review these cases; they just do not support appellants' contention, and no case does so far as we can ascertain. There would be no more reason so far as due process and the adoptive grandfather are concerned to exclude respondent as a pretermitted heir than there would be were he a natural grandson of Edgar M. Robertson, the testator.

The judgment should be affirmed; it is so ordered. *Dalton* and *Van Osdol, CC.,* concur.

PER CURIAM:—The foregoing opinion by BRADLEY, C., is adopted as the opinion of the court. All the judges concur.