Gilbert V. GLENN, Jr., Petitioner,

v.

Glenn M. HENDRIX, Sheriff of Greene County, Missouri, Respondent.

No. 8071.

Springfield Court of Appeals.

Missouri.

Oct. 3, 1961.

Cohen, Schnider, Shamberg & Jenkins, Kansas City, Kan., David P. Anderson, Springfield, for petitioner.

Don E. Burrell, Pros. Atty., Donald E. Bonacker, Asst. Pros. Atty., Springfield, for respondent.

STONE, Presiding Judge.

In this original proceeding in habeas corpus, petitioner, Gilbert V. Glenn, Jr., seeks his discharge from detention by the Sheriff of Greene County, Missouri. In his return, which was the first pleading [Thompson v. Sanders, 334 Mo. 1100, 1103, 70 S. W.2d 1051, 1052; State ex rel. White v. Swink, 241 Mo.App. 1048, 1052, 256 S.W. 2d 825, 829(2); Ex parte Fichtel, 229 Mo. App. 847, 854, 84 S.W.2d 977, 980(1)] and designed to be responsive to our writ, not to the application therefor [Ex parte Durbin, 102 Mo. 100, 104, 14 S.W. 821, 822; Ex parte Brockman, 233 Mo. 135, 157, 134 S.W. 977, 983; 4 Hout's Missouri Pleading and Practice, § 972, loc. cit. 90], the sheriff pleaded, as the only authority for petitioner's imprisonment or restraint, an "Order of Commitment" by the Circuit Court of Greene County, copy of which was annexed to the return. Rule 91.16; Section 532.180.[1] Stripped of recitals here altogether immaterial, this commitment shows only that Glenn "was cited to show cause why he was not in contempt of (the circuit) court"; that, after hearing on September 7, 1961, he was "adjudged in contempt of court and was duly sentenced to pay a fine of One Hundred ($100.00) Dollars and costs"; that he was granted a stay of execution until, by agreement, such stay was terminated on September 28, 1961; and that Glenn, "refusing to pay fine and costs is by the court ordered committed to custody of the Sheriff of Greene County, Missouri, until the sentence and judgment of the court herein be complied with, or until said defendant shall be otherwise discharged by due process of law."

In petitioner Glenn's timely answer to the sheriff's return, he admitted his detention under the "pretended order of commitment" but denied "that said order of commitment is lawful or of any legal effect." Rule 91.28; Section 532.320. Since the issues in habeas corpus are framed by the return and the answer thereto [Thompson v. Sanders, supra, 334 Mo. loc. cit. 1103, 70 S.W.2d loc. cit. 1052; Knight v. Miles, 308 Mo. 538, 540, 272 S.W. 922, 923 (1); Schein v. Gallivan, 321 Mo. 268, 269, 10 S.W.2d 521(1)], the legal sufficiency of the order of commitment, under which instant petitioner is held, thus is put in issue as counsel for the sheriff frankly concede.

Our appellate courts have held repeatedly that, in a contempt proceeding, the facts and circumstances constituting the offense, and not simply legal conclusions, must be recited not only in the judgment [Ex parte Fuller, 330 Mo. 371, 378– 379, 50 S.W.2d 654, 657(3); Scott v. Davis, Mo.App., 328 S.W.2d 394] but also in the commitment, regardless of whether the charged contempt is direct, i. e., arising out of conduct or action in the presence of the court [Ex parte Stone, Mo., 183 S.W. 1058, 1059; Ex parte Creasy, 243 Mo. 679, 705, 148 S.W. 914, 922, 41 L.R.A.,N.S., 478; Ex parte Shull, 221 Mo. 623, 627, 121 S.W. 10, 11], or, as here, is indirect, i. e., arising out of conduct or action outside the presence of the court. Reardon v. Frace, 344 Mo. 448, 126 S.W.2d 1167; Osborne v. Purdome, Mo., 244 S.W.2d 1005, 1011, 29 A.L.R.2d 1141, certiorari denied 343 U.S. 953, 72 S.Ct. 1046, 96 L.Ed. 1354, rehearing denied 343 U.S. 988, 72 S.Ct. 1072, 96 L.Ed. 1375; G v. Souder, Mo.App., 305 S.W.2d 883, 887(7, 8); White v. Hutton, Mo.App., 240 S.W.2d 193, 200(9); Ex parte Heffron, 179 Mo.App. 639, 651, 162 S.W. 652, 656. Furthermore, our duty to remand is "for any contempt, *specially and plainly charged in the commitment,* by some court, officer or body, having authority to commit for a contempt so charged." (Emphasis ours) Rule 91.32(3); Section 532.410(3). See again Ex parte Stone, supra, 183 S.W. loc.

---

1. All references to rules are to the Missouri Rules of Civil Procedure, V.A.M.R., and all references to statutes are to RSMo 1959, V.A.M.S.

**534**

cit. 1059; Ex parte Shull, supra, 221 Mo. loc. cit. 627, 121 S.W. loc. cit. 11; Ex parte Heffron, supra, 179 Mo.App. loc. cit. 650, 162 S.W. loc. cit. 656. The commitment, under which instant petitioner is held, reveals only that he "was cited to show cause why he was not in contempt of court" and that, after hearing, he was "adjudged in contempt of court and was duly sentenced." Clearly, the commitment falls far short of satisfying the requirements imposed by rule, statute and case law in this jurisdiction.

For that reason, petitioner should be discharged from custody. It is so ordered.

McDOWELL and RUARK, JJ., concur.