IN RE SAMUEL S. SHULL, Ex parte Petitioner for Writ of Habeas Corpus Directed to Otto Theison, Sheriff.

### Division Two, June 29, 1909.

1. **CONTEMPT: Commitment.** The statutes require that when a citizen is committed to jail for a contempt the commitment itself must contain "the particular circumstances of his offense," and the contempt must be plainly and specifically charged in the commitment.

2. ————: ————: **Refusal to Answer Questions.** A recital in the order leading up to the adjudication of contempt that the witness was asked "proper and legal questions," that the court had ruled them to be such, and the witness was directed to answer them and refused, falls far short of specifically and plainly charging the contempt, as the statute requires. The particular questions which he refused to answer should be stated, not merely the court's conclusion that they were legal and proper.

3. ————: ————: ————: **Intendment.** Contempt is a specific criminal offense, and, as in other criminal proceedings, nothing not recited in the adjudication will be inferred from the matter of inducement set out therein, nor will presumptions or intendments be indulged in in order to sustain a conviction.

4. ————: ————: ————: **Conclusion: Disrespect of Court.** It is not sufficient that the adjudication of contempt recite that the witness "is hereby ordered and adjudged guilty of contempt of court in treating the court disrespectfully and he is hereby committed," etc. That is a recital of a conclusion, not a finding and adjudication of the facts which constituted disrespectful conduct.

### Habeas Corpus.

PETITIONER DISCHARGED.

*Warren C. Rogers* for petitioner.

GANTT, P. J.—By this proceeding we are asked to review a commitment of petitioner by the circuit court of Buchanan county, for an alleged contempt.

It appears that on May 7, 1909, the petitioner appeared in Division No. One of the circuit court of Buchanan county, in obedience to a subpœna *duces tecum*, requiring his presence in said court to testify in a certain cause wherein Mrs. William E. Keller was plaintiff and Eva R. Roth and the Bank of North St. Joseph were defendants, and to bring with him certain taxbills mentioned in the petition in said cause, which the plaintiff therein sought to have cancelled.

It appears that when said cause was called for trial by Hon. C. A. Mosman, the judge of said court, the plaintiff announced ready for trial, provided the taxbills called for in the subpoena were in court. Petitioner was then called to the witness stand and was asked if he had said taxbills and he answered that he did not have them when the subpoena was served and had not had them since that time in his possession or under his control. He declined and refused to answer when he last had them or how shortly before the service of the subpoena *duces tecum* upon him. Petitioner at all times objected to being interrogated because there was no case on trial. He insisted he was there to obey the subpoena *duces,* and it would be time enough when the plaintiffs and defendants had announced ready and the trial was begun to ask him for said taxbills, and plaintiff had no right to subject him to said examination in this manner before announcing ready in the cause and proceeding to trial.

After a lengthy parley between the opposing counsel, the court and the witness, the court finally directed him to answer whether he had said taxbills in his possession when a notice to produce them had been served upon him prior to the service of the subpoena *duces,* and petitioner refused on the ground that no foundation had been laid for such an order; that section 738, Revised Statutes 1899, provided how plaintiff should proceed, but in any event he had stated he did not have the taxbills when the subpoena *duces* was served on

him, nor had he possession of them since that time, they were not in the possession of any agent of his or subject to his control, and such a proceeding would be futile and unavailing, and he therefore requested the court not to require him to answer further under the circumstances, but the court required him to do so, and upon his refusal the court ruled it would commit petitioner for contempt.

Thereupon the following commitment was entered of record and was issued by the court:

"In the Circuit Court of Buchanan County, Missouri, Division No. One.

"Mrs. William F. Keller, plaintiff,
      vs.                    No. 18,858.
"Eva Roth et al., defendants.

"State of Missouri, plaintiff,
      vs.
"Samuel S. Shull, defendant.

"Now at this time Samuel S. Shull being in contempt of court, having treated the court disrespectfully in refusing to answer proper and legal questions propounded to him in this case while a witness on the witness stand in the case of Keller, plaintiff, v. Roth et al., defendants, No. 18,858, after it had been repeatedly ruled by the court that he should answer them and after being admonished by the court that in the judgment of the court the questions were legal and proper and declining and refusing to answer them or any of them saying to the court that he did not think the questions were proper and legal and that he would not answer them, and that he willfully and intentionally refused to answer such questions as were propounded to him after it had been decided by the court that the questions were legal and proper and should be answered by him as a witness:

221 Sup—40

"It is hereby ordered and adjudged that the said Samuel S. Shull is guilty of contempt of court *in treating the court disrespectfully* and he is hereby committed to the jail of Buchanan county and the sheriff of said county is hereby commanded to take charge of the body of the said Samuel S. Shull and commit him to jail and there safely keep him for a period of five days unless he shall in the meantime before the expiration of said five days come into court and make answers in court to the questions propounded to him.

"A true copy—Attest:

                "AMBROSE PATTON, Clerk.

"(Seal.)           By J. H. FARRIS, D. C."

By virtue of this commitment the sheriff took petitioner into his custody and committed him to jail and thereupon petitioner sued out this writ of *habeas corpus* and the sheriff has made his return and both parties have submitted the case to this court upon briefs.

Two grounds are advanced by the petitioner for his discharge, to-wit: First, the court had no jurisdiction to adjudge petitioner guilty of contempt for refusing to answer the questions asked, because the cause of Keller v. Roth was not on trial and no question was up for decision, and the questions were irrelevant to any issue in said cause. Second, because the said commitment is void upon its face for the reason that it fails to state the facts which constitute a contempt of court.

Considering them in their reverse order, does this commitment comply with our statute which provides, "Whenever any person shall be committed for any contempt specified in this chapter, the particular circumstance of his offense shall be set forth in the order or warrant of commitment"?

Section 3576 provides, "It shall be the duty of the court or magistrate forthwith to remand the party, if it shall appear that he is detained in custody: . . . . third, for any contempt, specially and plainly charged in the commitment, by some court, officer, or body, having authority to commit for a contempt so charged;" by section 1616, it is provided: "Every court of record shall have power to punish, as for a criminal contempt, persons guilty of any of the following acts, and no other: first, disorderly, contemptuous or insolent behavior, committed during its sitting, in immediate view and presence, and directly tending to interrupt its proceedings, or to impair the respect due to its authority; second, any breach of the peace, noise or other disturbance, directly tending to interrupt its proceedings; third, willful disobedience of any process or order, lawfully issued or made by it; fourth, resistance willfully offered by any person to the lawful order or process of the court; fifth, the contumacious and unlawful refusal of any person to be sworn as a witness, or when so sworn, the like refusal to answer any legal and proper interrogatory."

Contempt of court is "a specific criminal offense and a fine imposed is a judgment, in a criminal case. The adjudication is a conviction, and the commitment in consequence thereof is execution." [Church on Habeas Corpus (2 Ed.), sec. 308; Ex parte Kearney, 7 Wheat. 38.] It is in recognition of this principle that the General Assembly, by the foregoing statutory provisions, requires that when a citizen is committed to prison for a contempt the commitment itself shall contain "the particular circumstances of his offense," or in the language of section 3576, the contempt itself must be plainly and specially charged in the commitment. When the commitment in this case is tested in the crucible of the law it is found to fall far short of the requirements of the statute. Similar statutes are found in other States. If we look at the recitals

of the order leading up to the adjudication of the contempt there is no effort made to state the particular questions, the refusal to answer which constituted the contempt. We are simply told that the petitioner had treated the court disrespectfully in refusing to answer proper and legal questions propounded to him. It is not even found that said questions were material and pertinent, but aside from this last consideration the statute requires the facts themselves to be stated, not merely the court's conclusion that the questions were legal and proper, and when we come to the adjudication of the contempt itself, it is not even put upon the ground of the refusal to answer questions, but the finding and the only finding is that petitioner had treated the court *disrespectfully*. In what manner or how the petitioner treated the court disrespectfully the court did not adjudge and state in its judgment. If it should be said, it can be inferred by the matter of inducement set out in the record, the answer of all the courts is that as this is a criminal proceeding by which the citizen is deprived of his liberty, presumptions and intendments will not be indulged in order to sustain a conviction for contempt of court. [Hawes v. State, 46 Neb. 149; Batchelder v. Moore, 42 Cal. 412.] In Wilcox v. State, 46 Neb. 402, the witness refused to be sworn and testify. He was prosecuted for contempt and the court found him guilty. On review the Supreme Court referring to the statute which provided that "the contumacious and unlawful refusal of any person to be sworn or affirmed as a witness and when sworn or affirmed, the refusal to answer any legal and proper interrogatory," held that a judgment of contempt which found that the witness merely refused to be sworn and did not find that he also refused to affirm, was totally defective and that presumptions and intendments would not be indulged to sustain the conviction.

In California the statute requires that the court or officer make a statement of the facts.  In Ex Parte Shortridge, 90 Pac. 478, the order committing an attorney for contempt recited that he "interrupted" the court proceedings without stating what he did and it was held it did not comply with the statute requiring the court to recite the facts.  The court quoted with approval the statement of the Supreme Court in Schwarz v. Superior Court, 111 Cal. 106, to-wit: "The offense being criminal in its nature, both the charge and the finding and judgment of the court thereon are to be strictly construed in favor of the accused," and hence the order of adjudication must state facts which show the prisoner guilty of contempt, not mere conclusions, and such is the obvious meaning and purpose of our statutes, sections 1619 and 3578, Revised Statutes 1899.  [9 Cyc. 48 and 50.]  Without further discussion, we think the judgment of contempt and the commitment are fatally defective in not finding and adjudging the facts which would show petitioner had acted so disrespectfully towards the circuit court as to constitute a contempt within the statute. It is settled law in this State that one imprisoned for the violation of an order or judgment in excess of the jurisdiction of the court rendering it can be discharged by writ of *habeas corpus*.  Having reached the conclusion that the commitment was insufficient in view of the stress of other work we deem it unnecessary to discuss and determine the other points pressed in the brief of counsel.

The prisoner is discharged.

*Burgess* and *Fox, JJ.,* concur.