**KLARER OF KENTUCKY, INC., Appellant,**

v.

**Thomas E. PETERS et al., Appellees.**

Court of Appeals of Kentucky.

Nov. 19, 1971.

**140**

Armer H. Mahan, Louisville, for appellant.

Eulyn L. Dean, Harrodsburg, Thomas Emerson, Dept. of Labor, Frankfort, Gemma M. Harding, Dept. of Labor, Louisville, for appellees.

DAVIS, Commissioner.

In this workmen's compensation proceeding the Board found that Thomas E. Peters, an employee of Klarer of Kentucky, Inc., sustained a work-connected injury to his back when an electric dolly struck him and pushed him into a bacon tree. The injury occurred on January 20, 1969; the claimant had not been able to resume work duties when the Board rendered its opinion on November 2, 1970. Since the Board concluded that a spinal fusion was needed to stabilize the employee's back, it made an "open-end" award for total disability. The entire amount of the award was assessed against the employer; the Special Fund was absolved. The Board's award was affirmed by the circuit court. The employer brings this appeal, naming the employee and the Special Fund and Board as appellees.

It is the contention of the employer that KRS 342.005(2) mandatorily requires the Board "to apportion the aggregate extent and duration of disability among the contributing causes when all the probative evidence indicates that the disability is ascribable to the contributing causes of a compensable traumatic injury by accident and a pre-existing spondylolisthesis."

KRS 342.005(2) provides:

"The board shall apportion the aggregate extent and duration of disability among the contributing causes including, but not limited to, the following:

(a) 'Traumatic injury by accident';

(b) Pre-existing disease previously disabling;

(c) Pre-existing disease not previously disabling but aroused into disabling reality by the injury or occupational disease."

Learned counsel for the appellant calls attention to Contractors Service & Supply Co. v. Chism, Ky., 316 S.W.2d 840, wherein the employee was found to have a pre-existing spondylolisthesis which was "lighted up" by a subsequent injury. In Chism, the court wrote:

"Of course, the award in cases of this character should be apportioned according to the contribution of the injury to the pre-existing condition." Id. 316 S. W.2d at page 843.

The court's attention is also directed to Terry v. Associated Stone Company, Ky., 334 S.W.2d 926, in which this language appears:

"Where a compensable disability results from a pre-existing disease or condition aggravated or 'lighted up' by an accident the award must be apportioned according to the contribution of the injury to the disability." Id. 334 S.W.2d at page 930.

Appellant is mindful of this court's decisions in Young v. City Bus Company, Ky., 450 S.W.2d 510; Central Uniform Rentals v. Richburg, Ky., 468 S.W.2d 268; Young v. Monroe, Ky., 466 S.W.2d 452; and others of recent date and similar import. The court remains persuaded that the principles of those decisions are sound. See Young v. Fulkerson, Ky., 463 S.W.2d 118, and Giles Industries, Inc. v. Neal, Ky., 471 S. W.2d 5, decided September 24, 1971. The

spondylolisthesis was not disabling prior to the injury. Neither was a pre-existing hypertrophic arthritic condition. Upon the authority of the decisions already cited, the Board appropriately ruled that neither of those conditions was a disease condition. It would have been an exercise in futility for the Board to apportion the aggregate extent and duration of disability as between the injury, the hypertrophic arthritis, and the spondylolisthesis, so long as the disability remains total, since the entire responsibility for the disability in these circumstances rests upon the employer anyway. As noted, KRS 342.005(2) prescribes for apportionment as to the aggregate extent and duration of disability among the contributing causes including, *but not limited to*: traumatic injury by accident; pre-existing *disease*, previously disabling; and pre-existing *disease*, not previously disabling but aroused into disabling reality by the injury or occupational disease. Appellant contends that the words *"but not limited to"* make it mandatory for the Board to apportion among any and all contributing causes, no matter what their origin. The court is unpersuaded to this point of view.

The judgment is affirmed.

All concur.