In re Lewis F. RANDOLPH, Jr.

No. 25771.

Kansas City Court of Appeals, Missouri.

Dec. 6, 1971.

Robert B. Randolph, St. Joseph, for petitioner.

## ORIGINAL PROCEEDING IN HABEAS CORPUS

SHANGLER, Presiding Judge.

This is an original proceeding in habeas corpus. Upon the petition of Lewis F. Randolph, Jr., an attorney, alleging that he was being unlawfully restrained of his liberty by respondent Sheriff of Buchanan County, our writ went down commanding the respondent Sheriff to make return of the time and place of the petitioner's detention. In making his return to the writ, the Sheriff exhibits the judgment of direct contempt found against petitioner by the Circuit Court of Buchanan County whereby petitioner was sentenced to pay a fine of $25.00, the Order to Show Cause why petitioner should not be imprisoned for failure to pay the fine, and the commitment by which petitioner is confined. In the petitioner's response to the Sheriff's return, he admits his detention is by virtue of the "pretended order of commitment" but denies the lawfulness of that order because it failed to "set forth the specific facts and circumstances constituting the alleged offense of direct contempt of court." Petitioner moves for judgment on the pleadings.

Since in habeas corpus proceedings, the issues are framed by the pleadings—in this case the return and its traverse (State ex rel. Burtrum v. Smith, 357 Mo. 134, 206 S.W.2d 558, 562[1])—the legal sufficiency of the warrant of commitment by which petitioner is held is the only issue for determination.

The judgment of contempt shows that on March 4, 1971, petitioner, Randolph, was engaged in the trial of a criminal cause as attorney for the defendant, during the course of which proceedings, the circuit judge presiding made this finding and order:

"Now here the Court on it's own Motion, while witness George Rose is on

David L. Zerrer, Asst. Pros. Atty., St. Joseph, for County.

the stand, send the jury from the room and finds that Louis F. Randolph, Jr. attorney for defendant Ray Brady, has asked witness George Rose, in open Court, in the presence of the jury the following question: 'Now that was Blair Constance and George Worthen, who were tried and acquitted in Andrew County. Is that the way it was?'

"The Court finds the question improper and prejudicial to a fair trial, that it was made deliverately with the intent to unfairly and improperly influence the jurys decision in this cause.

"The Court finds that this act on the part of Louis F. Randolph, Jr. to be in contempt for this Courts authority to provide and conduct a fair and impartial trial of this case on its merits. It defers, until the close of the days proceedings, the punishment to be imposed.

\* \* \* \* \* \*

."Now here the Court orders imposition of punishment for contempt stayed until this case is referred to the jury.

\* \* \* \* \* \*

"And the jury having retired to consider it's verdict, the Court again takes up the punishment to be imposed for contempt committed March 4, 1971 of (sic) defendants counsel, Louis F. Randolph, Jr. and the Court now fines defendant said attorney Louis F. Randolph, Jr., the sum of Twenty Five Dollars ($25.00) for the contempt committed March 4, 1971."

▄▄▄ Petitioner refused to pay the fine, did not show cause why he should not be imprisoned for failure to do so, and was committed to the custody of respondent Sheriff and is held on this warrant for commitment:

"THE STATE OF MISSOURI TO THE SHERIFF OF BUCHANAN COUNTY, MISSOURI GREETINGS:

"These are to command and charge you that you receive into your jail the body of Lewis F. Randolph, Jr., the said Lewis F. Randolph, Jr., having this day been committed into your custody in lieu of payment of a fine in the sum of Twenty Five Dollars ($25.00) heretofore assessed as punishment for being in Contempt of Court, and that you safely keep the said Lewis F. Randolph, Jr. in your jail until he shall be discharged by due course of law."

The offense for which petitioner was committed was direct criminal contempt in the face of the court,[1] punishable by the court summarily. Criminal Rule 35.01(a) V.A. M.R.; State ex inf. Crow v. Shepherd, 177 Mo. 205, 76 S.W. 79, 86 [6]. Such an offense is governed by Sec. 476.140, V.A.M. S., which is declaratory of the common law, and which explicitly requires that "(w)henever any person shall be committed for any contempt specified in this chapter, the particular circumstances of his offense shall be set forth in the order or warrant of commitment". See: Scott v. Davis, Mo.App., 328 S.W.2d 394, 396; Ex parte Mason, 16 Mo.App. 41, 44. Moreover, in habeas corpus proceedings, we are directed to remand the petitioner when he is restrained of his liberty "(f)or any contempt, specially and plainly charged in the commitment, by some court, officer or body, having authority to commit for a contempt so charged". Sec. 532.410(3), V.A.M.S. The clear intendment of these statutes is that "the contempt for which the prisoner is withheld is to be pointedly charged and set forth in the commitment". Ex parte Heffron, 179 Mo.App. 639, 162 S.W. 652, 656 [3].

---

1. The nature of criminal contempt, direct and indirect, and civil contempt and the distinctions between them are particularly well drawn in State ex inf. Crow v. Shepherd, 177 Mo. 205, 76 S.W. 79, 86; Ex parte Clark, 208 Mo. 121, 106 S.W. 990, 996 [4–8]; Mechanic v. Gruensfelder, Mo.App., 461 S.W.2d 298, 304 [1, 2]. See also: 17 C.J.S., Contempt, §§ 5, 6; 17 Am.Jur.2d, Sec. 4.

This the warrant of conviction on which petitioner is held utterly fails to do. If we look to its recitals, we are told only that the commitment is "in lieu of payment of a fine . . . heretofore assessed as a punishment for being in Contempt of Court". The particular circumstances and facts charging the offense are not given, thus the recital that petitioner had been adjudged "in Contempt of Court" can only be a legal conclusion. Glenn v. Hendrix, Mo.App., 349 S.W.2d 532, 533 [2, 3]; Scott v. Davis, 328 S.W.2d l.c. 396 [1–3]; Ex parte Stone, Mo., 183 S.W. 1058, 1059 [3]. We find the order of commitment fails to satisfy the statutory and decisional requirements and cannot justify petitioner's punishment and detention.

Respondent seems to suggest that notwithstanding the insufficiency of the commitment, petitioner's detention is nonetheless lawful because "(t)he judgment order in the instant case sets out the contemptuous conduct". We do not reach the question of the sufficiency of that order as an adjudication of contempt. In view of the requirement of Sec. 476.140, V.A.M.S., that the particular circumstances of the contempt be fully stated in the warrant of commitment, the commitment is conclusively presumed to set forth the facts on which the judgment of contempt is based. Ex parte Heffron, 179 Mo.App. 639, 162 S.W. l.c. 656 [3]. Since a criminal contempt is a punitive proceeding,[2] criminal in nature[3] (although not a criminal case in the statutory or constitutional sense),[4] whereby the person charged is deprived of his liberty, the judgment and commitment are strictly construed in favor of the accused and no presumptions or intendments will be indulged in order to sustain the conviction. Ex parte Shull, 221 Mo. 623, 121 S.W. 10,

11; Ex parte Creasy, 243 Mo. 679, 148 S. W. 914, 922; Ex parte Heffron, 162 S.W. l.c. 656 [3]. So, a commitment for criminal contempt, otherwise void on its face, cannot be validated because the judgment upon which it purports to be based, but which is not made a part of the commitment, is a lawful conviction for such contempt.

Respondent argues further, however, that the summary proceeding against petitioner for direct criminal contempt terminated when the fine of $25.00 was assessed against him, and that the petitioner was committed to jail, not for contempt of court, but for the nonpayment of the fine. This misconceives the nature and effect of the circuit judge's adjudication. A criminal contempt of court, although not a criminal prosecution in the usual sense, is a specific offense of a criminal nature and a fine imposed is a judgment in a criminal proceeding. "The adjudication 'is a conviction, and the commitment in consequence thereof is execution'". Ex parte Shull, 121 S.W. l.c. 11; Ex parte Creasy, 148 S.W. l.c. 992 [4]; see, especially, Osborne v. Purdome, Mo., l.c. 1011 [4, 5]. Actually, the judgment of imprisonment is pronounced only in order to insure the payment of the fine; the commitment is not a separate punishment. Respondent's position is untenable for another, equally fundamental, reason. Since no appeal lies from a criminal contempt,[5] a judgment of conviction by fine is not reviewable; and if, as respondent suggests, the commitment for non-payment of the fine is not an incident of the contempt conviction, then inquiry into the legality of petitioner's restraint is placed beyond the reach of our constitutional superintending control by habeas corpus as well. Such a rule would in-

---

2. State ex inf. Crow v. Shepherd, 177 Mo. 205, 76 S.W. 79, 86 [5]; State ex inf. McKittrick v. Koon, Mo., 201 S.W. 2d 446, 457 [19]; Curtis v. Tozer, Mo. App., 374 S.W.2d 557, 569 [10].

3. Ex parte Shull, 221 Mo. 623, 121 S.W. 10, 11; Ex parte Creasy, 243 Mo. 679, 148 S.W. 914, 922; Ex parte Mason, 16 Mo.App. 41, 44.

4. Osborne v. Purdome, Mo., 244 S.W.2d 1005, 1012 [8, 9]; Curtis v. Tozer, 374 S.W. l. c. 589 [37].

5. Ex parte Howell, 273 Mo. 96, 200 S.W. 65, 68 [1]; State v. Norman, Mo.App., 193 S.W.2d 391, 393 [7]; Ex parte Clark, 208 Mo. 121, 106 S.W. 990, 997 [9].

vite judicial arrogance and abuse of power and would be intolerable.

Accordingly, the petitioner is ordered discharged from custody.

All concur.