**BOONE BOX COMPANY, Inc., Appellant,**

v.

**James P. PHILLIPS et al., Appellees.**

Court of Appeals of Kentucky.

Dec. 17, 1971.

Richard I. McIntosh, Woodward, Hobson & Fulton, Louisville, for appellant.

George H. Logan, Hardy, Logan & Hastings, Louisville, for appellee James P. Phillips.

Thomas R. Emerson, J. Keller Whitaker, Dept. of Labor, Frankfort, for appellee Workmen's Compensation Bd.

Gemma M. Harding, Dept. of Labor, Louisville, for appellee Special Fund.

C. Dant Kearns, Stites & McElwain, Louisville, for appellee United States Fidelity & Guaranty Co.

James M. Graves, William P. Swain, Boehl, Stopher, Graves & Deindoerfer, Louisville, for appellee Hartford Accident and Indemnity Co.

GARDNER, Commissioner.

James Phillips was awarded workmen's compensation benefits based on total permanent disability. The Workmen's Compensation Board determined that his employer, Boone Box Company, Inc., alone was obligated for the compensation. The circuit court affirmed the Board's award. We affirm.

Phillips sustained an injury to his back on September 30, 1966, when he was knocked down by a tow motor as it turned a corner. He sustained slight re-injuries to his back on February 7, 1969, and July 22, 1969. Boone Box Company had a different insurance carrier at the time of each accident. Special Fund was made a party on the assumption that the 1966 accident aroused into disabling reality a pre-existing disease as contemplated by KRS 342.120. The Board dismissed Special Fund as a party when it determined there was no pre-existing disease.

All medical examiners diagnosed Phillips' condition as spondylolisthesis. The Board properly ruled in accordance with our prior decisions that spondyloisthesis is not a disease within the meaning of KRS 342.120 requiring apportionment where there is a pre-existing disease not previously disabling but aroused into disabling reality by the injury or occupational disease. See Young v. Monroe, Ky., 466 S.W.2d 452 (1971), and Klarer of Kentucky, Inc. v. Peters, Ky., 473 S.W.2d 139 (decided November 19, 1971).

There was evidence of sufficient probative value to support the Board's finding that all of Phillips' disability stemmed from the accident of September 30, 1966. The finding dispels, therefore, the question of the respective liabilities of the insurance companies.

The judgment is affirmed.

All concur.