**QUEEN CITY DINETTE COMPANY, also known as Queen City Dinettes, Inc., Appellant,**

**v.**

**Sharlin GRANT et al., Appellees.**

Court of Appeals of Kentucky.

Feb. 18, 1972.

claim was filed with the Workmen's Compensation Board and in due course Special Fund was made a party defendant since apportionment might be ordered.

In an opinion and award dated November 23, 1970, the Board found Mrs. Grant to be 75 percent permanently partially disabled, 5 percent due to the trauma (to be paid by the employer), and 70 percent due to the arousal of a dormant nondisabling disease condition into disabling reality (to be paid by Special Fund). The Board's referral physician, Dr. Marion G. Brown, found that claimant had "a structurally weak back with a spondylolisthesis of L-5 or S-1 which pre-existed the injury, and which, as a matter of fact, is a congenital defect." The only other medical evidence was presented by Dr. Leonard Stark, who also diagnosed the malady as spondylolisthesis.

Upon appeal to the circuit court the Board's opinion and award was affirmed as to the 75 percent disability but the case was remanded to the Board directing it to order the entire 75 percent disability against the employer. This direction was prompted by the court's finding that all medical evidence was to the effect that the claimant was suffering from spondylolisthesis, which is not a disease within the meaning of KRS 342.005(2) (c) requiring apportionment where there is a "pre-existing disease not previously disabling but aroused into disabling reality by the injury or occupational disease." The judge correctly construed the law. Young v. Monroe, Ky., 466 S.W.2d 452 (1971); Klarer of Kentucky, Inc. v. Peters, Ky., 473 S.W. 2d 139 (1971); Boone Box Company, Inc. v. Phillips, Ky., 474 S.W.2d 86 (decided December 17, 1971).

Without a specific request from any of the parties, the court reduced the award to a money judgment and directed that the claimant recover of the employer $11,759.-70 for compensation and $2,724.71 for medical expenses.

---

Frank A. Wichmann, Covington, for appellant.

John R. S. Brooking, Martin Mitchell, Adams, Brooking & Stepner, Covington, Asa Rouse, Rouse & Mathis, Walton, for appellee Sharlin Grant.

James Perkins, Dept. of Labor, Frankfort, Gemma Harding, Louisville, for appellee John W. Young (Special Fund).

J. Keller Whitaker, Director, Workmen's Compensation Board Dept. of Labor, Frankfort, for appellee Workmen's Compensation Board.

GARDNER, Commissioner.

Sharlin Grant sustained a back injury while an employee of Queen City Dinettes, Inc. Application for adjustment of her

■ The employer contends, first, that the court did not have jurisdiction to review the award of the Board because the petition for review was not filed within the 20-day period prescribed by KRS 342.285. The final order of the Board overruling the petition for reconsideration was entered December 7, 1970. Since the 20th day thereafter was Sunday, December 27, it was permissible, to file the petition for review with the court on Monday, December 28, which was done. See KRS 342.281; CR 6.01; Commonwealth Department of Highways v. Crutchfield, Ky., 365 S.W.2d 102 (1963).

In its appeal to the circuit court Special Fund did not name the employer as an adverse party respondent as provided in KRS 342.285(1) and did not state fully the grounds upon which the review was sought as provided in KRS 342.285(2). The employer seizes upon Special Fund's failure to observe the terms of the referred-to statutes as the second ground for reversal of the judgment. It is noted that on appeal to the circuit court Special Fund and the employer joined themselves as petitioners against the employee and Workmen's Compensation Board as respondents. The joint petition briefly related the procedural steps taken before the Board, including the request for reconsideration before the Board by the employer, wherein the employer merely asked the Board to reconsider the wording used by the Board in describing the nature of the claimant's difficulty, and the request for reconsideration before the Board by Special Fund asking the Board to reconsider its apportionment of liability and the finding that the claimant's congenital spondylolisthesis was a disease condition. Up to this point the joint petition for review in the circuit court merely recited what had transpired while the action was pending before the Board. Then the joint petition resumed as follows:

"7. The opinion and award of November 3, 1970 and Board order of December 7, 1970 are without or in excess of the Board's powers, are not in conformity to the provisions of Chapter 342 of the Kentucky Revised Statutes, are clearly erroneous on the basis of the reliable, probative, and material evidence contained in the whole record, are arbitrary, capricious, characterized by abuse of discretion and are clearly unwarranted exercises of discretion.

"WHEREFORE, the petitioners demand that the court review the Board's opinion and award of November 23, 1970 and order of December 7, 1970, set such aside and enter judgment conforming to the record, or, in the alternative, remanding the cause to the Board with direction to modify its findings to conform to the law and the evidence."

■ Without determining whether the petition for review meets the requirement of KRS 342.285(2) wherein it is provided that the "petition shall state fully the grounds upon which a review is sought," we hold that the employer is in no position to complain. The employer and Special Fund in their joint petition requested, in effect, as quoted above, that the circuit court do what should be done when they demanded that the court "enter judgment conforming to the record." We believe the Chancellor did just that when he determined that the employer was liable for the entire amount of compensation. He correctly so adjudged.[1] As above noted, all medical examiners diagnosed the condition as spondylolisthesis which precluded the

---

[1]. Our holding here is that the issue was raised adequately to warrant the circuit court's passing on the issue. This does not conflict with the holding in Curtright Funeral Home v. Carr, Ky., (this day decided), that the Court of Appeals could not consider an issue of apportionment that was not raised or passed on in the circuit court.

assessment of any of the liability against Special Fund.

■ The last complaint of the employer is that the court was not authorized to reduce the opinion and award to a money judgment. KRS 342.285 outlines the procedure to be followed in circuit courts on appeal and restricts the reviewable questions. Translating the award of the Board to a money judgment was not one of the prerogatives of the court. Claimant contends that by the employer's failure to make a motion to alter, amend or vacate the judgment as provided by CR 59.05 the error was not properly preserved for appellate review. We do not so construe the rule. The record does not contain a motion or any pleading requesting the circuit court to enter a money judgment. The employer, therefore, had no opportunity to object prior to the rendition of the judgment. While the employer could have moved to alter, amend or vacate the judgment (CR 59.05), such motion was not a prerequisite to appeal. We believe the trial court was in error also in setting the amount of medical expenses, which were in dispute.

The trial court should remand the case to the Board with directions to make an award in favor of the plaintiff based on 75 percent permanent partial disability to be paid by Queen City Dinettes, Inc., and for a determination of the medical expenses.

The judgment is affirmed as to that part requiring the employer to pay the entire amount of compensation, and reversed as to that part reducing the award to a money judgment and as to that part determining the amount of medical expenses, and for further proceedings consistent with this opinion.

All concur.