John W. YOUNG, Commissioner of Labor and Custodian of the Special Fund, Appellant,

v.

Arthur COMBS et al., Appellees.

Arthur COMBS, Cross-Appellant,

v.

John W. YOUNG, Commissioner of Labor and Custodian of the Special Fund, et al., Cross-Appellees.

Court of Appeals of Kentucky.

Nov. 3, 1972.

Gemma M. Harding, Dept. of Labor, Louisville, for appellant and cross-appellee John Y. Young (Special Fund).

H. B. Noble, Hazard, for appellee and cross-appellant Arthur Combs.

Maxwell P. Barret, Craft, Barret, Haynes & Ward, Hazard, for appellee Blair Fork Coal Co.

GARDNER, Commissioner.

The Workmen's Compensation Board determined that Arthur Combs was totally and permanently disabled and directed that the compensation benefits be paid by his employer Blair Fork Coal Company. The board concluded that Special Fund was not liable under the apportionment statute and dismissed it as a party defendant. The circuit court set aside the opinion and award of the board, and remanded the case to the board with directions to reopen the case for the purpose of procuring the deposition of Dr. K. Armand Fischer, and to

make a new finding based on all the evidence. The Special Fund appeals and Combs cross-appeals. We reverse.

Combs received an injury to his neck (or back) in a car accident in 1963. In 1966 he received an injury to his back and was off work for a couple of weeks. On January 21, 1967, he was unloading mining timbers and again injured his back. He was off work for about four months. On June 12, 1967, he reinjured his back while lifting an oil drum. All injuries, except that caused by the car wreck, were sustained while he worked for Blair Fork Coal Company.

The medical evidence consists of depositions of Dr. William C. Roland and Dr. David B. Stevens, and a report of Dr. K. Armand Fischer. Dr. Roland concluded that Combs was totally disabled for manual work and attributed 35 percent of the disability to the injuries and 65 percent to spondylolisthesis. Dr. Stevens agreed that Combs was totally disabled but concluded that 70 percent was the result of an injury and 30 percent was a result of spondylolisthesis. Dr. Fischer was more definitive in ascribing 5 percent of the disability to the car accident of 1963, 5 percent to the injury of November 1966, 10 percent to the injury of January 1967, and 20 percent to spondylolisthesis, for a total of "40 percent partial permanent disability to the body as a whole." Dr. Fischer did not attempt to translate the functional disability into occupational disability.

■ The board decided that part of the disability was due to spondylolisthesis which was brought into disabling reality by the subsequent injury and since the spondylolisthesis was not disabling by itself and not a disease, there could be no apportionment between the Special Fund and the employer. KRS 342.120; Young v. Monroe, Ky., 466 S.W.2d 452 (1971); Klarer of Kentucky, Inc. v. Peters, Ky., 473 S.W.2d 139 (1971). We believe there was sufficient evidence of the existence of spondylolisthesis to support the board's finding.

In truth, all the doctors testified to that fact.

■ In its findings of fact and conclusions of law the circuit court stated that "It appears the Board has based its opinion in this case upon the findings of Dr. K. Armand Fischer," and " * * * since the report of Dr. Fischer is apparently misleading and confusing, the case will be remanded to the Board with directions that the opinion and order of June 28, 1971, be set aside; that the case be re-opened for the purpose of taking the deposition of Dr. K. Armand Fischer, and that the Board prepare another opinion and order based upon the evidence in this case." We do not believe the circuit court was justified in concluding that the board based its decision on the report of Dr. Fischer. In the record were also depositions of Dr. Stevens and Dr. Roland which provided sufficient evidence to support the board's findings. We must assume that the board considered that evidence.

■ Blair Fork takes issue with the board's finding that the injury of January 21, 1967, was the only injury contributing to the disability. Blair Fork argues that the injuries of 1963 and of November 1966 also contributed to the disability, thus an apportionment was required. As to the 1963 injury, neither Dr. Roland nor Dr. Stevens attributed any part of the 100 percent disability to it, so the board was justified also in not attributing any part of the disability to the 1963 accident. Blair Fork argues that Dr. Fischer and Dr. Roland attributed part of the disability to the November 1966 injury. It is true that Dr. Fischer stated that 5 percent of the disability resulted from the 1966 injury but Dr. Roland's testimony is not so definite. He said, in effect, that he could not determine whether the November 1966 or January 1967 or June 1967 injury, or a combination of two or all of them, contributed to the disability. As he put it, part of the disability was due to "multiple injuries of the back." Dr. Stevens testified that he first

examined Combs November 16, 1966, some two weeks after the first episode. He testified: "My physical examination at that time was negative. X-rays were reviewed which had been made on November 2, 1966 at the Miners Memorial Hospital in Hazard, and they showed a defect in the pars intra-articularis of the 5th lumbar body, and this is the so-called first stage of a spondylolisthesis, and there were no other significant x-ray findings except for some change in the density at L3, but the disc space appeared to be satisfactory. My diagnosis was spondylolisthesis, grade 1, with acute back pain." It is noted that of the three examining physicians only Dr. Stevens saw the patient after the November episode and before the January episode. We believe there was sufficient evidence to support the board's finding that the January 21, 1967, accident resulted in the sole injury contributing to the disability.

The judgment is reversed with directions to reinstate the board's opinion and award.

All concur.