**Ex parte Doris HUFF, Petitioner.**

**Ex parte Phillip ROBERTS, Petitioner.**

**Nos. 9512, 9513.**

Missouri Court of Appeals,
Springfield District.

Dec. 5, 1974.

Roy W. Brown, Kansas City, for petitioners.

W. Swain Perkins, Alton, for respondent.

PER CURIAM:

These are original proceedings in habeas corpus which we have consolidated for determination.

A jury trial was being conducted in the courthouse at Alton, Oregon County, Missouri, on February 19, 1973, in a case entitled "State of Missouri -vs- Dorris Huff." [1] During a trial recess, a bystander reported to the judge that while in the hallway outside the courtroom he overheard defendant Huff (contrary to the court's admonition not to discuss the case with the jurors) say to juror Phillip Roberts, "Stay right in there." Defendant Huff, juror Roberts and the bystander were immediately summoned to the courtroom and interrogated by the court. Huff and Roberts denied the reported communication. Nevertheless, the following order was entered on a docket sheet labeled "In Re Contempt of Court by Phillip Robert [sic] and Dorris Huff": "Feb. 19, 1973 Under the laws and rules of this Court and the rules of procedure this court finds that Phillip Roberts and Dorris Huff have committed a contempous [sic] action against the dignity of this Court and [illegible] punishment at 30 days in the County Jail and each fined the sum of $500.00. It is the order & Judgment that said Phillip Roberts and Dorris Huff are ordered to be in the custody of the Sheriff." No warrants of commitment were issued.

Upon separate applications of Roberts and Huff, our writs issued February 22, 1973, and petitioners were admitted to bail. Returns filed to these writs revealed that the Sheriff of Oregon County had custody of the petitioners from February 19, 1973 to February 22, 1973, only by virtue of the above order.

▇▇▇ Whether direct or indirect criminal contempt is charged, it is implicit under Rule 35.01, V.A.M.R., that the order of contempt "shall recite the facts" or "the essential facts constituting the criminal

contempt." This the order of February 19, 1973, supra, wholly failed to do. Moreover, § 476.140 RSMo 1969, V.A.M.S. requires that "Whenever any person shall be committed for any contempt specified in sections 476.010 to 476.310, the particular circumstances of his offense shall be set forth in the order or warrant of commitment." Therefore, if a petitioner's punishment and detention cannot be justified when the warrant for commitment does not fully state the particular circumstances and facts charging the offense as required by § 476.140, supra, [In re Randolph, 474 S.W. 2d 36, 38 [3] (Mo.App.1971)], it most certainly follows that a petitioner's punishment and detention cannot be justified in the total absence of such a warrant. For those reasons we discharged petitioners from custody under the contempt charges on February 26, 1973, and ordered their bonds refunded.

Obviously piqued by our discharge of petitioners, the Circuit Court of Oregon County undertook by amendment or order nunc pro tunc to correct its defective order of February 19, 1973, and lack of a warrant of commitment by the following entry: "Mar 7 1973 The entry dated February 19, 1972 [sic] is hereby amended this date and said amendment is as follows: On Feb 19, 1973 in Case # 315 Styled State of Missouri -vs- Dorris Huff said criminal case being tried before a Circuit Court jury of twelve jurors in Oregon County at Alton, Missouri said defendant Dorris Huff and Juror Phillip Roberts discussed said lawsuit at the hour of approximetely [sic] seven PM. at the conclusion of all the evidence in said criminal case and while said Court was in recess and said conversation occurred in the public hallway of the Oregon County Court House on the Second floor immediately next to the Circuit Court room and said conversation was heard by Citizens of Oregon County and said Dorris Huff said to Juror Roberts 'Stay right in there' and juror Robert [sic] did thereafter engage in a conversation

1. The applications filed in this court show Mr. Huff's given name to be spelled "Doris."

with defendant Huff and that thereafter Court called to order after said recess and did notify said Huff and Roberts of the Court's intention to inquire into said conversation hereinabove referred to and said hearing was conducted after notice and without objection by jurior [sic] Roberts or defendant Huff and his Attorney Roy Brown who was [sic] present at all times and thereafter after due deliberation the Court finds defendant Huff and Juror Roberts based upon the evidence adduced at said hearing and beyond a reasonable doubt of being in contempt of Court and assesses each $500.00 fine and 30 days confinement in Oregon County Jail. It is the order & Judgment that Clerk prepare a warrant of Committment [sic] and include therein entire entries in case # 4933A styled 'In Re Contempt by Phillip Roberts and Dorris Huff'; It is the further findings conduct of defendant Huff was not an attempt to violate Section 557.130; 557.-140; or 556.150 V.A.M.S. but that said improper conversation between defendant Huff and Juror Roberts were [sic] direct disobedience to the Court's admonishments on at lease [sic] 6 prior occasions, during the day of trial in case # 315 wherein Roberts and Huff were instructed and Admonished not to discuss said case and that said conversation was against the dignity of said Court and impaired the efficient administration of justice in Oregon County, Confinement stayed pending Warrant of committment [sic] being prepared and delivered to sheriff." The clerk issued a commitment pursuant to the amended order and Messrs. Huff and Roberts were arrested and incarcerated in the county jail.

On March 12, 1973, Huff and Roberts again made application for writs of habeas corpus which were issued that day. We also admitted the petitioners to bail.

■ We hold that the trial court could not correct the invalid order made February 19, 1973, or cure the absence of a warrant of commitment by amendment or order nunc pro tunc made on March 7, 1973, after our writs had issued and we had discharged the petitioners. What was said in Ex parte Neal, 507 S.W.2d 674, 680–681 (Mo.App.1974) is controlling here: "[10] It is true that an order nunc pro tunc functions in judicial proceedings to correct mutual mistakes of fact or clerical errors or misprision of the court clerk. But it can never be utilized to correct a judicial error. Ackley v. Ackley, 257 S.W.2d 401, 403 (Mo.App.1953); Wiseman v. Lehman, 464 S.W.2d 539, 542 (Mo.App.1971). . . . In Martin v. Superior Court, 199 Cal.App.2d 730, 18 Cal.Rptr. 773, the lower court found Martin to be in contempt . . . .. On December 1, 1962, the court sentenced Martin to five days in jail and signed the order and commitment for contempt. Such order was defective . . . .. On December 13, 1961, the court issued an amended Commitment . . . .. The appellate court held that it was error to amend the defective commitment, and said, 18 Cal.Rptr. l. c. 779: 'If an order, which by statute is final and conclusive, can be amended and reamended to supply vital deficiencies therein, the feet of the litigant would be standing on quick-sand, without any idea when he could take effective proceedings to annul the order.' In Application of Balucan, 44 Haw. 271, 353 P.2d 631 (1960), the trial court held a witness in contempt . . . .. The original order of April 12 was amended the next day to conform to the statute which required the circumstances of the offense to be set out both in the judgment and the warrant of commitment. In holding this to be error, the court said, 353 P.2d l. c. 635: 'We conclude that . . . the requirement that the circumstances of the contempt be set forth in the judgment and mittimus is jurisdictional. If the statute has not been complied with the petitioner cannot be held on the ground that the judgment can be corrected and a mittimus issued at a later date.' . . . [11] The order of commitment in a criminal contempt case is by its very nature and purpose a judicial and not a clerical function and an order nunc pro tunc made . . . after the commitment and after our writ

had issued is not legally justified on the basis that it was employed to correct a mere 'clerical error'. . . ."

For the foregoing reasons, petitioners are discharged and their bail bonds filed herein are discharged and ordered returned.

All concur.