**Ex parte Robert HOUGH, Petitioner.**

**No. 10541.**

Missouri Court of Appeals, Springfield District.

Nov. 30, 1976.

Donald E. Bonacker, Bonacker & Reynolds, Springfield, for petitioner.

Ben Upp, Asst. Pros. Atty., Springfield, for respondent.

Before BILLINGS, C. J., and STONE and FLANIGAN, JJ.

BILLINGS, Chief Judge.

In this original proceeding in habeas corpus the petitioner charged he was being unlawfully restrained of his liberty by respondent Sheriff of Greene County. He alleged he had been charged with contempt in three cases in the Circuit Court of Greene County and was sentenced to three concurrent ninety-day sentences.

Among other things, petitioner contended his imprisonment under the sentences was

334

illegal because the purported commitment failed to set forth the particular circumstances of the offense as required by § 476.-140, RSMo 1969.[1]

The purported commitment recites the appearance of the parties, that a hearing was conducted on motions for contempt in three cases and concludes: "It is the judgment of the court that Robert Hough be sentenced to Greene County Jail for a period of ninety (90) days in [each case], said three sentences to run concurrently for total sentence of 90 days."

Following our issuance of the writ of habeas corpus we scheduled a hearing at which time counsel for respondent admitted the purported commitment was insufficient as a matter of law.

The requirements of the statute are mandatory in criminal contempt proceedings. *Ex parte Brown,* 530 S.W.2d 228 (Mo. banc 1975); *Ex parte Huff,* 516 S.W.2d 778 (Mo. App.1974); *In re Randolph,* 474 S.W.2d 36 (Mo.App.1971); *Glenn v. Hendrix,* 349 S.W.2d 532 (Mo.App.1961).

Petitioner ordered discharged.

All concur.

1. "Whenever any person shall be committed for any contempt specified in sections 476.010 to 476.310, the particular circumstances of his offense shall be set forth in the order or warrant of commitment."

Also see Rule 35.01, V.A.M.R.