STATE of Missouri ex rel. Fred
NESSER, Petitioner,

v.

Honorable James E. PENNOYER,
Judge, et al., Respondents.

No. 76806.

Supreme Court of Missouri,
En Banc.

Nov. 22, 1994.

Carl D. Kinsky, St. Genevieve, for petitioner.

Eric C. Harris, William P. Bertram, Flat River, for respondents.

BENTON, Judge.

Respondent Judge ordered Fred Nesser confined in the St. Francois County Jail for failure to make agreed payments of maintenance and child support. Nesser seeks habeas corpus relief from this Court under Rule 91.01. This Court orders petitioner Fred Nesser discharged.

## I.

The marriage of Fred and Jacalyn Nesser was dissolved in 1981, with Jacalyn receiving custody of the couple's two children. A 1988 amended decree required Fred to pay all medical expenses of Jacalyn and the children and to make weekly child support and maintenance payments of $150 and $200, respectively. In October 1991 Jacalyn filed a motion to hold Fred in contempt for not paying the medical expenses, maintenance, and child support mandated by the amended decree.

On August 3, 1992, the circuit court found Fred guilty of indirect civil contempt and ordered him into the custody of the Sheriff until he made weekly payment toward the arrearage, while continuing to pay current maintenance and child support. The circuit court determined that Fred was then delinquent by $16,454. The court further found that Fred had the ability to comply with the payment schedule in the amended decree and that he had deliberately caused the delinquency by not seriously seeking employment.

Although the contempt order directed Fred to be committed on August 17, he was not incarcerated until January 7, 1993. On February 18, 1993, Fred was released in exchange for entering a court-approved payment agreement with Jacalyn. This agreement set forth new payment terms, incorporating the provisions of all prior court orders. The agreement stated that in case of breach by Fred, Jacalyn would be "entitled to secure body attachment and order of commitment." The agreement was not made part of a decree; therefore, the 1988 amended decree remains controlling.

On September 30, 1993, the circuit court ordered Fred to jail for defaulting on the payment agreement. The court stated that Fred could be released if he paid either an arrearage of $24,455 or current weekly maintenance and child support plus a weekly arrearage amount. Fred was eventually confined to jail on January 27, 1994, where he remained until May 20, 1994, when this Court ordered him released. On March 21, 1994, Respondent Judge granted Fred's request for a change of judge on his motion to modify the amended decree, which is pending in the circuit court.

## II.

Although a person normally may not be imprisoned for contempt of an order directing payment of money, *§ 511.340 RSMo 1986,* a person may be incarcerated for failure to comply with an order prescribing maintenance and child support payments. *State ex rel. Stanhope v. Pratt,* 533 S.W.2d 567, 575 (Mo. banc 1976). Before an order of commitment may issue, the trial court must determine that the debtor has either the ability to pay or intentionally created a situation of noncompliance. *Id.* Even so, the trial court may require the creditor first to try collection by conventional means. *Id.* Once the creditor establishes a failure to pay, the debtor must come forward with proof of inability to pay that is not due to the debtor's own conduct. *A.G. v. R.M.D.,* 730 S.W.2d 543, 546 (Mo. banc 1987). If the court finds the debtor has intentionally violated its payment order, it may then enter a judgment of contempt and issue an order of commitment.

Petitioner Fred Nesser should be discharged because (1) the commitment is not supported by a judgment of contempt, and (2) the commitment order fails to address Fred's ability to pay delinquent maintenance and child support.

### A.

A conviction for civil contempt is reviewable on appeal. *Teefey v. Teefey,* 533 S.W.2d 563, 565 (Mo. banc 1976). However, the availability of appeal presupposes a judgment of contempt. Without a judgment of contempt, there is nothing to appeal, but the imprisoned person has the remedy of habeas corpus. *State ex rel. McCurley v. Hanna,* 535 S.W.2d 107, 109 (Mo. banc 1976). Fred argues that the circuit court could not enforce the February 18 payment agreement by imprisonment, because there was no underlying judgment of contempt.

For a payment agreement to be enforceable by contempt, it must be incorporated in a dissolution decree. *§ 452.325.5 RSMo 1986; In re Marriage of Haggard,* 585 S.W.2d 480, 482 (Mo. banc 1979). Otherwise, the agreement can be enforced only in a contract action, since no court decree can be violated. *Haggard,* 585 S.W.2d at 482; *Cates v. Cates,* 819 S.W.2d 731, 737 (Mo. banc 1991). In this case, the circuit court approved the February 18 payment agreement but never incorporated it into an amended decree. Consequently, the agreement is enforceable only in contract.

A commitment is invalid where not supported by a judgment of contempt. *Ex parte Brown,* 530 S.W.2d 228, 230 (Mo. banc 1975), citing *Ex parte O'Brien,* 127 Mo. 477, 30 S.W. 158, 160 (1895). It is the judgment—and not the commitment order—that provides the basis to detain an individual. The commitment merely executes the judgment of contempt. *Brown,* 530 S.W.2d at 230. Here, there was no entry of a judgment finding Fred in contempt of a court order. Rather, the circuit court ordered Fred to jail for violating a court-approved payment agreement.

Jacalyn contends that the September 30, 1993 commitment order executes the August 3, 1992 judgment of contempt. The commitment order, though, is not founded on that judgment. Moreover, Fred was purged of his August 3 contempt when he agreed to restructure his debt. There is no judgment of contempt to sustain the September 30 order of commitment, which rests solely on Fred's breach of the February 18 agreement. As a result, the commitment order is invalid, and Fred is entitled to habeas corpus relief. *Brown,* 530 S.W.2d at 230.

### B.

Because further contempt proceedings are possible, another defect in the commitment order should be discussed. In cases of contempt, the order of commitment must delineate the factual basis for the finding of contempt. *Ex parte Brown,* 530 S.W.2d at 231. Omission from the order of "the facts and circumstances constituting the contempt" entitles a habeas corpus petitioner to immediate release. *Ex parte Vokolek v. Carnes,* 512 S.W.2d 112, 113 (Mo. banc 1974). Commitment may only be ordered for acts capable of being performed by the contemnor. *Zeitinger v. Mitchell,* 244 S.W.2d 91, 98 (Mo.1951). For purposes of collecting maintenance and child support, the contempt pow-

er is limited to enforcing payment of amounts already due. *Payne v. Payne*, 635 S.W.2d 18, 23 (Mo. banc 1982). In the present case, the commitment order of September 30 impermissibly conditions release on payment of *future* maintenance and child support.

The order does, however, cite Fred's failure to make *past* payments of maintenance and child support. Even so, the commitment order is invalid for failure to address Fred's ability to pay delinquent maintenance and child support. Without such a finding, there is no basis for commitment.

### III.

Petitioner Fred Nesser is ordered discharged.

All concur.